JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:23-cv-00613-AB-JCx | Date: | August 17, 2023 |
|---|---|---|---|

| Title: | *Sidelinx, LLC v. Creaproducts, Inc.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER GRANTING MOTION TO DISMISS (Dkt. No. 37)

This matter comes before the Court upon Defendant Creaproducts, Inc's ("Creaproducts") Motion to Dismiss (Dkt. No. 37, "Defendant's Motion"), filed July 3, 2023. Plaintiff Sidelinx, LLC ("Sidelinx") filed its Opposition on July 12, 2023 (Dkt. No. 40), to which Defendant filed its Reply on July 28, 2023. (Dkt. No. 42.) Finding this matter suitable for resolution without oral argument, the Court **VACATES** the hearing set for August 18, 2023. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons set forth below, Defendant's Motion is **GRANTED.**

### I.  Background

The Court construes, as it must, all well-pled allegations in Plaintiff's Complaint as true. Plaintiff Sidelinx "owns personally created marketing and product material that is created in-house." (Compl. ¶ 1.) "One such product created by Sidelinx is the 'SNIPCLIP', which is a template-like device for allowing a user to neatly and easily trim their hair." (*Id.*) "Snipclip is sold with a product user manual." (*Id.*)

Defendant Creaproducts is "in the business of selling consumer products, including products relating to hair care, which are sold and distributed on online websites including Amazon.com." (*Id.* ¶ 2.)

In Sidelinx's telling, the two parties "have a history of aggressive dealing, and prior and ongoing litigation." (*Id.* ¶3.) "In mid-to late 2020, after [allegedly] falsely asserting patent rights to the 'CREACLIP' device, Creaproducts . . . filed a lawsuit for copyright infringement against Sidelinx" in the United States District Court for the District of Utah. (*Id.*) The parties are set for trial in the District of Utah on November 13, 2023, before the Honorable Judge Howard C. Nielson Jr. (*See* Case No. 2:20-cv-00848-HCN-CMR Dkt. Nos. 1, 7, 72 (the "Utah Action")). Pursuant to Federal Rule of Evidence 201, the Court takes Judicial Notice of the Complaint and Amended Complaint in the Utah Action.

In the Utah action, CreaProducts (there, the Plaintiff) alleges that Sidelinx has engaged in "the unauthorized copying and use of copyrighted images" related to the SnipClip instruction sheet. (Dkt. No. 39-1 ¶ 1.) In early 2022, with the Utah litigation ongoing, Sidelinx "re-created the SnipClip instruction sheet using newly created images and re-launched the SnipClip product . . ." (Case No. 2:23-cv-00613-AB-JC, "CDCA Action", Opp'n at 5:1-2.) Sidelinx states that it then "received information of a newly made allegation by Creaproducts of copyright infringement against Sidelinx's [second] instruction sheet." (*Id.* at 5:5-7.) After Sidelinx's product was removed from the "Amazon.com platform" Sidelinx commenced the CDCA Action in this Court, "based primarily on the grounds of misrepresentation under 17 U.S.C. § 512(f), i.e., Creaproducts misrepresented that the images in Sidelinx's newly produced manual infringed Creaproducts' copyrights." (*Id.* at 5:5-14.)

Creaproducts filed its Motion to Dismiss on July 3, 2023. (Dkt. No. 37.) Sidelinx filed its Opposition on July 12, 2023, and Creaproducts replied on July 28, 2023. (Dkt. Nos. 40, 42.)

## II.   Legal Standard

The "first to file" rule is "a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Systems, Inc. v. Medtronic Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). The rule "is intended to serve the purpose of promoting efficiency . . . and should not be disregarded lightly," *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi,*

*Inc.* 787 F.3d 1237, 1239 (9th Cir. 2015), and "[t]he primary purpose behind the first-to-file rule is to avoid unnecessarily burdening the federal judiciary and to avoid conflicting judgments." *Jumapao v. Washington Mut. Bank, F.A.,* 2007 WL 4258636, at *1 (S.D. Cal. Nov. 30, 2007). This means that "[w]hen two cases involving the same parties and issues are filed in two different federal districts, the first-to-file rule permits the second district court to exercise its discretion to transfer, stay, or dismiss the second suit in the interests of efficiency and judicial economy." *Amerisourcebergen Corp. v. Roden*, 495 F.3d 1143, 1156 (9th Cir. 2007).

"However, [the] 'first to file' rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter*, 678 F.2d at 95. Thus, a court "can, in the exercise of [its] discretion, dispense with the first filed principle for reasons of equity." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). However, the "starting point is an appreciation that departure from the first-filed rule is an exception only to be utilized in 'rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping.' " *Knedlik v. Lincoln Inst. of Land Policy*, 883 F.2d 1024, *4 (9th Cir. 1989)

### III.  Discussion

As noted *supra*, CreaProducts alleges (in the Utah Action) that Sidelinx engaged in "the unauthorized copying and use of [47] copyright images . . ." (Utah Action Am. Compl. ¶ 1.) The Amended Complaint avers that CreaProducts, alternatively referred to as the Artist:

> discovered a product like [CreaProducts'] [work] . . . Upon inspection of the SnipClip product, it was obvious that Sidelinx had copied photographs/images of the Work. Sidelinx copied numerous photos and illustrated images of the Artist's hair models who are using the CreaClip product.

(*Id.* ¶ 4.) CreaProducts represents that a cease-and-desist demand was sent to Sidelinx, who nevertheless "continued to wilfully sell and profit from images copied from [CreaProducts'] work." (*Id.* ¶ 6.) On August 31, 2020, "Sidelinx sent a responsive letter denying their infringement and stating it will 'continue doing business lawfully' and take action 'against CreaProducts.'" (*Id.* ¶ 7.)

Sidelinx, as promised, took action against CreaProducts on January 26, 2023. But it did so in the Central District of California, not the District of the Utah. Sidelinx alleges that with the Utah litigation ongoing, "[i]n early 2022, [it] re-created its product manual . . . and relaunched the product and product manual on . . . Amazon.com." (CDCA Action Compl. ¶ 4.) Sidelinx avers that it received notice from Amazon that Creaproducts had made an allegation of copyright infringement against it and that "the removal of Sidelinx's re-listed product was the direct result of Creaproducts . . . false allegation." (*Id.* ¶¶ 5-6.) Sidelinx represents that Creaproducts "has shown a pattern of falsely presenting intellectual property and rights it alleges to own, but does not in fact own." (*Id.* ¶ 18.)

CreaProducts argues—and the Court agrees— that the Utah action and this present action arise out of the same transaction, involve the same parties, and implicate substantially similar if not identical legal and factual disputes.

Sidelinx notes that "[e]xceptions to the first-to-file rule typically have been made under circumstances involving bad faith." (Opp'n at 6:9-10.) But Sidelinx does not, in any meaningful sense, explain how CreaProducts has acted in bad-faith such that an exception to the first-to-file rule might be appropriate. Because no exception applies, the Court turns to a straightforward analysis of the first-to-file rule to this instant matter.

"Ordinarily, [courts] start by analyzing which lawsuit was filed first." *Kohn*, 787 F.3d at 1240. That is not in dispute here—the Utah Action was filed first. "Regarding, similarity of the parties, courts have held that the first-to-file rule does not require exact identities of the parties." *Id.* Here, though, the identities of the parties are exactly the same. Finally, "[t]he issues in both cases . . . need not be identical, only substantially similar." *Id.* Sidelinx argues:

> The only similarity between the factual circumstances, and issues, in the pending District of Utah case is the fact that Creaproducts alleges both the original instruction sheet and newly created instruction sheet of infringing its Copyrighted Works
>
> . . .
>
> Sidelinx's images used in its original instruction sheet and the images in the newly created instruction sheet are markedly, visibly, and factually different.

(Opp'n at 8:19-9:6.)   In sum, Sidelinx argues that because its newly created instruction sheet—which Creaproducts alleges infringes on its Copyrighted Works—and its original instruction sheet— which Creaproducts also alleges infringes on its Copyrighted Works—are different, the issues are not substantially similar.   That argument is not persuasive.   In both cases, the crux of Sidelinx's claim (or, in the Utah Action, defense) is that Creaproducts falsely presented intellectual property and rights as its own—i.e, it argues that Creaproducts "has shown a pattern of falsely presenting intellectual property and rights it alleges to own, but does not in fact own."   (CDCA Action Compl. ¶ 18.)   This threshold inquiry regarding whether Creaproducts indeed possesses the intellectual property rights it says it does implicates similar (if not identical) questions of fact and law, regardless of whether the underlying instruction sheets in each case are precisely the same.   Thus, this Court would necessarily be tasked with analyzing claims at issue—and still to be adjudicated—in the Utah action.   And that is what the first-to-file rule exists to prevent.

Because the Utah action was (1) filed before this present action; (2) involves precisely the same parties; and (3) involves issues that are substantially similar, Defendant's Motion is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** to re-filing in the District of Utah or, alternatively, in this district *after* the Utah litigation is resolved.

      **IT IS SO ORDERED**.